## MISHOE *et al. v.* BEATY *et al.*

1. Where the highest bidder at a sheriff's sale of land, and the defendants in the execution under which such sale was had, joined in a petition against a later lower bidder and the sheriff, in which such highest bidder sought to have the sheriff's deed to such lower bidder set aside and canceled, and a decree requiring the sheriff to make a deed to him, on the ground that he had offered to comply with his bid and had requested the sheriff to convey the land to him, which the sheriff had refused to do, and in which the defendants in the execution sought to have the sheriff's deed to such later bidder set aside and canceled on the ground that, after the land had been bid off by the first and highest bidder, the sheriff, because of the alleged failure of such bidder to comply with his bid, again put up and exposed the land for sale late on the sale day and after the crowd attending the sheriff's sale had dispersed, when the same was knocked off to such later and lower bidder at a price far below its value, it was error for the trial judge to instruct the jury that the only issue for their determination was whether or not the first bidder had offered to comply with his bid, and thus to exclude from the consideration of the jury the issue raised by the defendants in execution as to the validity of the second sale under the facts above stated, the defendants in the petition not having demurred thereto upon the ground of a misjoinder of causes of action, nor otherwise having made timely objection to the petition on this ground.
2. Whether the fi. fa. under which the sale took place was valid, and whether it had been paid, were not issues to be considered, under the pleadings in the case, and the court did not err in refusing to allow the attorney for the plaintiffs to discuss them.

No. 4615. APRIL 16, 1925.

Equitable petition. Before Judge Graham. Treutlen superior court. October 11, 1924.

A petition was brought by W. Mishoe and by Mishoe & Warnock, a partnership composed of C. G. Mishoe and H. W. Warnock, to have set aside a sheriff's sale of a described tract of land. It is alleged that the petitioners are the owners of the land referred to. Among other grounds, it is urged that the sale should be set aside, because it was unfairly and fraudulently conducted, and because one of the defendants, Ware, the sheriff, acted in conspiracy with Beaty, to whom the property was sold, to have the sale made an hour after the crowd assembled on the sale day had dispersed, so that the property would not bring its value. It is alleged, that W. Mishoe had bought the property when it was first put up for sale; that, owing to some confusion as to the fi. fas. under which it was sold, the transaction was not closed, but that he had tendered the amount of his bid to the sheriff; that he went off to his home for twenty or thirty minutes, and when he came back the sheriff had reoffered the land for sale and it had been sold to Beaty for $100 less than he, Mishoe, had bid. The firm of Mishoe & Warnock alleged that they were the owners of the property, and that they were injured and damaged on account of the fraud in selling the land at a time when it would not bring a fair price, because of the dispersion of the crowd attending the sale; and W. Mishoe insists that he was damaged because the land was worth much more than the price at which he had bid it in, and the second sale was fraudulent and void and the deed should be made to him. Among others, the petition contained prayers that the sheriff's deed be set aside, the fi. fas. canceled, "and that the said property be decreed to be the property of W. Mishoe and the plaintiffs; that the said Ware as sheriff be required, by appropriate order of the court, to make a deed to the said property to the said Mishoe; and that the tender of the said W. Mishoe as to said property, where he has continuously tendered the said $300.00 to the said sheriff, be accepted and sustained; . . that said irregular, illegal, and fraudulent sale [referring to the sale to Beaty] be declared illegal and void; and that the title to said property be declared in the plaintiffs." The plaintiffs by amendment offered, among others, the following additional prayers: "That the said R. D. Beaty be required to bring into court the deed made and executed to him by the said M. B. Ware, sheriff, and that the said deed be canceled as a fraud upon the rights of plaintiffs and as a cloud upon their title to

said property. That said M. B. Ware, sheriff, be required to bring into the court the said fi. fas. under which he made the said sales, and also the sheriff's official record of sales, and that the entries of the sales of such property to said R. D. Beaty upon said fi. fas. or upon the said sheriff's official sales record be canceled. That said sale or attempted sale of said property to said R. D. Beaty, as aforeshown, be set aside and declared illegal and void; and that the plaintiffs' rights in the premises be set up and legally preserved by appropriate order and decree of the court."

The essential allegations tending to show fraud and conspiracy upon the part of the defendants, the sheriff and the defendant Beaty, were denied in their answers. They also denied that the sale took place after the crowd had dispersed. And it is further alleged in their answer that the sheriff was directed, if W. Mishoe would comply with his bid, though the property had been knocked down to Beaty, to make the former a deed.

After the charge of the court the jury returned a verdict for the defendants. The plaintiffs made a motion for new trial, which was overruled. Attached to the motion for new trial is this note by the court: "This case was not reported. Counsel did not suggest to the court that he was making any exception to the charge in the case. Hence I am not able to set out the charge in the case at this late date, but my best recollection is that the only issue submitted to the jury was the question as to whether or not Mishoe was requested before the resale of the land to comply with his bid, and refused to do so after having been given an opportunity to comply with his bid, or whether or not the said Mishoe with an opportunity to comply with his bid failed and refused to comply with his bid. The court also stated to counsel for movant on the trial of the case that he did not construe his petition to seek to set aside the sale on the ground that the description in the levy was void for reason of indefinite description of the land levied upon; and suggested to counsel, that if he desired to attack the sale on this ground, that in the court's opinion such attack could not be made under the pleadings in their present shape, but no amendment was offered attacking the sale on account of insufficient description in the levy; and the case proceeded to trial on the issue as to whether or not the deed to Beaty should be canceled on account of Mishoe's bid, and the sheriff be required to convey

the land to Mishoe. The levy and deeds in question were offered in evidence by the movants, the plaintiffs in the case. The recitals of fact contained in the within and foregoing amendment to said motion and the several grounds of said amendment are hereby approved as true. Said amendment is hereby allowed and ordered filed."

*W. J. Wallace* and *H. W. Warnock,* for plaintiffs.

*Saffold & Sharpe* and *Will Stallings,* for defendants.

HINES, J. (After stating the foregoing facts.)

1. The court charged the jury as follows: "I charge you that there is only one issue that I am going to submit to you in this case, and that is the issue of whether or not W. Mishoe complied with his bid, or offered to comply with the terms of the same, or refused to comply with the terms of his bid after request. You look to the evidence for this, and decide this case on that issue and that issue alone." The errors assigned on this charge are: (1) that it was "contrary to the law, contrary to the principles of the law, and without any law to support the same," and (2) that "it took away from the said plaintiffs all of their rights as set out and sworn to in their original and amended petition, and took away from the jury the real issues in the case." In this instruction the court submitted to the jury the single issue whether or not W. Mishoe complied with his bid or offered to comply with the terms of the same, or refused to comply with his bid after request. Was this elimination of all other issues erroneous? Under the pleadings there were two issues in the case. One was the issue submitted to the jury for determination. The other issue was whether or not, after W. Mishoe had failed to comply with his bid, this land was again put up and exposed for sale by the sheriff late in the day and after the crowd had dispersed, and, as a result, the land was sold for much less than its value. The plaintiffs, in the amendment to their petition, specifically alleged these facts, and sought to have the sale set aside and the sheriff's deed canceled on this ground. In his note to the amendment to the motion for new trial the judge certified that he charged the jury as set out in the above instruction. This eliminated the vital issue in the case, upon which the plaintiffs, Mishoe & Warnock, who were the defendants in fi. fa., sought to recover. The fact that W. Mishoe, another of the plaintiffs, sought to have the sale set aside on

the ground that he was the highest and best bidder and had offered to comply with his bid, which offer was refused, did not prevent the submission to the jury of the above vital issue, raised by the defendants in execution. They were the parties who were really damaged by this sale, if made late in .the day and after dispersal of the crowd, in consequence of which the land was bid off at a sum far below its real value. By proper and timely objection by the defendants the court might have compelled the plaintiffs to elect upon which issue they would proceed; but the court could not make such election, and in the absence of such timely objection all issues in the case raised by the pleadings should. have been submitted to the jury. It does not require citation of authorities to establish the principle that it was erroneous for the trial judge, by this instruction to the jury, to eliminate a vital issue in the case. We think the exception to the instruction which eliminated this issue is properly raised by the assignment of error on this instruction. The elimination by the court of the issue raised by the defendants in fi. fa. as to the validity of the sheriff's sale requires the grant of a new trial.

2. The ruling in the second headnote does not require elaboration.

*Judgment reversed. All the Justices concur, except Beck, P. J., dissenting.*